# Exhibit A

ORIGINAL

Scott E. Schutzman, Esq.  SBN 140962
LAW OFFICES OF SCOTT E. SCHUTZMAN
3700 South Susan Street, Suite 120
Santa Ana, California 92704
Tel:  714-543-3638
Fax:  714-245-2449
Email:  schutzy@msn.com

*A6005*
*9152J*
*DEPT. 16*
*RITA*
*MILLER*

FILED
Superior Court of California
County of Los Angeles

DEC 0 6 2016

Sherri R. Carter, Executive Officer/Clerk
By_____, Deputy
Judi Lara

Attorneys for Plaintiffs,
Johnny Galvan, Sandy Mumma
and Stavros Patsalos

## SUPERIOR COURT OF CALIFORNIA

## COUNTY OF LOS ANGELES

| Johnny Galvan, Sandy Mumma, and Stavros Patsalos, | Case No.  BC 6 4 2 9 0 1 |
|---|---|
| Plaintiffs, | COMPLAINT FOR DAMAGES FOR: |
| v. | **1.  BREACH OF CONTRACT IN VIOLATION OF THE UNRUH ACT CIVIL CODE § 5152 ET SEQ.** |
| WALT DISNEY PARKS AND RESORTS US, CO. INC., and DOES 1-20, inclusive, | **2   NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS** |
| Defendants. | **3.   INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS** |
| | **DEMAND FOR JURY TRIAL** |

PLAINTIFFS Johnny Galvan and Sandy Mumma, residents of the City of Whittier, County

of Los Angeles, State of California, and Stavros Patsalos resident of the County of Los Angeles,

State of California, allege as follows:

LAW OFFICES OF SCOTT E. SCHUTZMAN
3700 S. SUSAN STREET
SUITE 120
SANTA ANA, CA 92704
TELEPHONE
(714) 543-3638

**COMPLAINT FOR DAMAGES - 1**

ORIGINAL

1.     Defendant WALT DISNEY PARKS AND RESORTS US, INC. ("Disney") is a California corporation which at all material times:

a.     Has maintained its principal place of business in Los Angeles County, California, is authorized to conduct business in the State of California, and is conducting business in Los Angeles County in the City of Burbank, California, and

b.     Owns and operates six themed amusement parks (collectively, the "Disney Parks"), including Disneyland and Disney's California Adventure (collectively, "Disneyland") in the Disneyland Resort, located in Orange County, California, and Magic Kingdom, Hollywood Studios, Epcot, and Animal Kingdom (collectively, "Walt Disney World") in the Walt Disney World Resort, located in Orange County, Florida and Osceola County, Florida.

## I.     JURISDICTION AND VENUE

2.     Venue is proper in this judicial district, pursuant to California Code of Civil Procedure §395(a). Defendants reside and/or transact business in the County of Los Angeles, and are within the jurisdiction of this Court for purpose of service of process.

## II.     ALLEGATIONS COMMON TO ALL ACTIONS

### A.     The Unruh Civil Rights Act

3.     §51(b) of the California Civil Code, known as the "Unruh Civil Rights Act" provides protection from discrimination by all business establishments in California, including housing and public accommodations, because of age, ancestry, color, disability, national origin, race, religion, sex and sexual orientation.

4.     Specifically, §51(b) provides that:

*All persons within the jurisdiction of this State are free and equal, and no matter what their sex, race, color, religion, ancestry, national origin, disability, medical condition, marital status, or sexual orientation are entitled to the full and equal*

LAW
OFFICES
OF
SCOTT E.
SCHUTZMAN
3700 S. SUSAN STREET
SUITE 120
SANTA ANA, CA 92704
TELEPHONE
(714) 543-3638

COMPLAINT FOR DAMAGES - 2

*accommodations, advantages, facilities, privileges, or services in all **business
establishments** of every kind whatsoever.*

(Emphasis added.)

5.    While §52(a) provides that:

*Whoever denies, aids or incites a denial, or makes any discrimination or distinction
contrary to Section 51... is liable for each and every offense for the actual damages,
and any amount that may be determined by a jury, or a court sitting without a jury,
up to a maximum of three times the amount of actual damage but in no case less
than four thousand dollars ($4,000), and any attorney's fees that may be determined
by the court in addition thereto, suffered by any person denied the rights provided
in Section 51...*

6.    §51.5(a) provides in pertinent part that:

*No business establishment of any kind whatsoever shall discriminate against,
boycott or blacklist. . . any person in this state on account of any characteristic
listed or defined in subdivision (b) or (c) of §51. . . because the person is perceived
to have one or more of those characteristics, or because the person is associated
with a person who has, or is perceived to have, any of those characteristics.*

(Emphasis added.)

7.    §51(f) provides that:

*A violation of the right of any individual under the Americans with Disabilities Act
shall also constitute a violation of this section.*

(Emphasis added.)  By virtue of §51(f), portions of the Americans with Disabilities Act are
pertinent to Plaintiffs' claims under the Unruh Act.

a.    In 1990, the United States Congress made findings that laws were needed
to more fully protect "some 43 million Americans [with] one or more physical or mental
disabilities;" that "historically society has tended to isolate and segregate individuals with
disabilities;" and that "such forms of discrimination against individuals with disabilities continue
to be a serious and pervasive social problem;" that "the Nation's proper goals regarding individuals

LAW
OFFICES
OF
SCOTT E.
SCHUTZMAN
3700 S. SUSAN STREET
SUITE 120
SANTA ANA, CA 92704
TELEPHONE
(714) 543-3638

**COMPLAINT FOR DAMAGES - 3**

with disabilities are to assure equality of opportunity, full participation, independent living and economic self sufficiency for such individuals;" and that "the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous...." 42 U.S.C. § 12101.

      b.    42 U.S.C. §12182(a) provides as follows:

*No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation.*

      c.    42 U.S.C. §12181(7)(B), regarding "public accommodations", provides in pertinent part:

*The following private entities are considered public accommodations for purposes of this subchapter, if the operations of such entities affect commerce—*

*\* \* \**

*(I)    a park, zoo, **amusement park**, or other place of recreation;*

(Emphasis added.)

      d.    42 U.S.C. §12102(1) defines "disability" in pertinent part as follows:

*(1)    Disability*

*The term "disability" means, with respect to an individual—*

*(A)    a physical or mental impairment that substantially limits one or more major life activities of such individual;*

      e.    For purposes of the "disability" definition, 42 U.S.C. §12102(2) defines "major life activities" thus:

LAW OFFICES OF SCOTT E. SCHUTZMAN
3700 S. SUSAN STREET
SUITE 120
SANTA ANA, CA 92704
TELEPHONE
(714) 543-3638

**COMPLAINT FOR DAMAGES - 4**

*(A)     In general*

*For purposes of paragraph (1), major life activities include, but are not limited to, <u>caring for oneself</u>, <u>performing manual tasks</u>, seeing, hearing, eating, sleeping, walking, standing, lifting, bending, <u>speaking</u>, breathing, <u>learning</u>, <u>reading</u>, <u>concentrating</u>, <u>thinking</u>, <u>communicating</u>, and <u>working</u>.*

(Emphasis added.)

       f.     Title III includes a "General prohibition" against discrimination.  42 U.S.C. §12182(b)(1)(A) provides in pertinent part:

*(i)     Denial of participation*

*It shall be discriminatory to subject an individual or class of individuals on the basis of a disability or disabilities of such individual or class, directly, or through contractual, licensing, or other arrangements, to a denial of the opportunity of the individual or class to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations of an entity.*

*(ii)     Participation in unequal benefit*

*It shall be discriminatory to afford an individual or class of individuals, on the basis of a disability or disabilities of such individual or class, directly, or through contractual, licensing, or other arrangements with the opportunity to participate in or benefit from a good, service, facility, privilege, advantage, or accommodation that is not equal to that afforded to other individuals.*

*(iii)     Separate benefit*

*It shall be discriminatory to provide an individual or class of individuals, on the basis of a disability or disabilities of such individual or class, directly, or through contractual, licensing, or other arrangements with a good, service, facility, privilege, advantage, or accommodation that is different or separate from that provided to other individuals, unless such action is necessary to provide the individual or class of individuals with a good, service, facility, privilege, advantage, or accommodation, or other opportunity that is as effective as that provided to others.*

       g.     Title III further includes a "Specific prohibition" against discrimination. 42 U.S.C. §12182(b)(2)(A)(ii) provides in pertinent part:

*. . . discrimination includes—*

LAW
OFFICES
OF
SCOTT E.
SCHUTZMAN
3700 S. SUSAN STREET
SUITE 120
SANTA ANA, CA 92704
TELEPHONE
(714) 543-3638

      *(ii)    a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations.*

**B.**    **Facts Common to All Claims**

    **1)**    **The Disney Parks, and Plaintiffs' Cognitive Impairments**

    8.    Disneyland, Disney's California Adventure, Magic Kingdom, Hollywood Studios, Epcot and Animal Kingdom are each "business establishments" under the Unruh Civil Rights Act and "public accommodations" under the Americans with Disabilities Act.

    9.    Each of the Disney Parks includes motions rides, simulation rides, attractions, shows, parades, costumed character interactions, displays and exhibits, restaurants and eating establishments, and more.

    10.    Persons with developmental disorders or cognitive impairments vary widely in the precise manifestations of their impairments.  Generally, a person with a cognitive disability has greater difficulty with one or more types of mental tasks than a person with average cognitive skills, and most cognitive disabilities are the result of a biological or physiological trait of the individual.  The connection between an individual's biology or physiology on the one hand and their mental processes on the other is most obvious in the case of traumatic brain injury and genetic disorders, though less pronounced or more severe cognitive disabilities are often borne in brain structure or chemistry as well. A person with severe cognitive impairment typically needs assistance with all aspects of daily life.  A person with minor cognitive impairment typically needs assistance with some aspects of daily life.

LAW
OFFICES
OF
SCOTT E.
SCHUTZMAN
3700 S. SUSAN STREET
SUITE 120
SANTA ANA, CA 92704
TELEPHONE
(714) 543-3638

COMPLAINT FOR DAMAGES - 6

11.     Cognitive disabilities are often classified as either clinical or functional.  Clinically diagnosed cognitive disabilities include autism, Down Syndrome, traumatic brain injury, and dementia.  Less severe cognitive conditions include attention deficit disorder (ADD), dyslexia (difficulty reading), dyscalculia (difficulty with math), and other learning disabilities.

12.     Functional cognitive disabilities focus less on the diagnosis of the disability and more on the resulting or special needs, abilities and challenges.  Principal categories of functional cognitive disabilities include deficits or difficulties with: memory, problem solving, attention, reading, language and verbal comprehension, math comprehension, and visual comprehension.

13.     Clinical cognitive disabilities typically exhibit one or more of the functional cognitive disabilities.

14.     Plaintiffs Johnny Galvan and Stavros Patsalos, (collectively, the "Disabled Plaintiffs") each has a developmental disorder and a clinically diagnosed cognitive impairment. Each is substantially limited in the ability to care for himself or herself, perform manual tasks, speak, learn, read, concentrate, think, communicate, and work.

15.     Each Disabled Plaintiff whose actions are prosecuted in this complaint by and through a next friend, parent or guardian is an individual who is afforded the protections afforded under the Unruh Civil Rights Act and the Americans with Disabilities Act.

16.     Because persons with developmental disorders encompassing cognitive disabilities display a wide variety and magnitude of functional impairments, no single accommodation is available which will invariably satisfy each of their special needs.  Even so, certain traits are common throughout the community of persons with cognitive impairments:

a.      The Disabled Plaintiffs, like other persons with cognitive impairments, are mentally and physically incapable of waiting for significant periods of time, regardless of whether

LAW
OFFICES
OF
SCOTT E.
SCHUTZMAN
3700 S. SUSAN STREET
SUITE 120
SANTA ANA, CA 92704
TELEPHONE
(714) 543-3636

COMPLAINT FOR DAMAGES - 7

they are waiting in a line or queue, or whether they are told to come back at a later time. The idle, unfocused state which necessarily results from waiting causes persons on the autism spectrum, and other near-spectrum exhibitors, to over-stimulate, resulting in heightened anxiety and meltdown behaviors. A "meltdown" is an episode familiar to those who care for autistic and other cognitively-impaired persons. Most commonly, the autistic person, when required to wait for more than a few minutes or indefinitely, will begin displaying signs of an oncoming meltdown; oftentimes by exhibiting their individual form of "stimming," which is a tic or tendency which can take the form of humming sounds, random noises, striking out, swinging arms, hitting oneself, or flailing wildly. A meltdown within a Disney queue is an awkward and uncomfortable experience for those in the immediate vicinity, can be hazardous to the disabled person and bystanders, and can be humiliating and embarrassing for the disabled person and his or her companions. Requiring the person to stand and wait for extended periods of time will induce meltdowns in the large majority of persons with cognitive impairments, including the Disabled Plaintiffs.

    b.  The Disabled Plaintiffs, like other persons with cognitive impairments, are mentally and physically incapable of traveling across a park to the site of an attraction only to be told to come back later. Explaining the disruption would be as impracticable as telling a person with no sense of time or sequence to keep a weekly calendar, or re-programming a computer in the middle of its computation, or placing food in front of someone with no sense of present versus future tense and telling them not to eat it now but to wait until later. Invariably, this experience will induce meltdowns in the large majority of persons with cognitive impairments, including the Disabled Plaintiffs.

LAW OFFICES OF SCOTT E. SCHUTZMAN
3700 S. SUSAN STREET
SUITE 120
SANTA ANA, CA 92704
TELEPHONE
(714) 543-3638

2)    **The Guest Assistance Card: Disney's Commendable Accommodation of Plaintiffs, Pre-October 2013**

17.    The Disabled Plaintiffs visited one or more of the Disney theme parks on multiple occasions prior to October of 2013. Generally, on those occasions, Disney adopted and followed systems, policies and procedures which wonderfully accommodated the Disabled Plaintiffs' special needs.

18.    The experience of visiting the Disney Parks may have been more uniquely entertaining for the Disabled Plaintiffs because of their limited ability to participate in other ordinary experiences. For the most part, the Disabled Plaintiffs and other persons with cognitive impairments cannot go to birthday parties, they cannot play on baseball teams, they cannot go fishing or bowling, they cannot go to church. Absent other joyful experiences, the terrific product Disney developed and admirably delivered gave great hope and anticipation to Plaintiffs and their family.

19.    Prior to October of 2013, Disney's system for accommodating disabled persons' special needs was universally enjoyed and appreciated by the community of persons touched by cognitive impairments. The system was known as the "Guest Assistance Card" ("GAC"). With the GAC, Plaintiffs knew they could expect minimal, manageable waits at the various attractions of interest, and this was precisely what Disney, through its employees, routinely delivered. Disney did not make the Disabled Plaintiffs travel all the way to an attraction only to be told to leave and come back later. Nor did Disney make him wait more than a few minutes to board rides or enter attractions. Very little risk of over-stimulation or meltdown ever arose.

20.    In addition, the Disney Parks' employees always appeared to have been trained to care about Plaintiffs' special needs. Actually, the employees were so talented in this role that it

LAW
OFFICES
OF
SCOTT E.
SCHUTZMAN
3700 S. SUSAN STREET
SUITE 120
SANTA ANA, CA 92704
TELEPHONE
(714) 543-3638

COMPLAINT FOR DAMAGES - 9

Doc# 1 Page# 9 - Doc ID = 1672772866 - Doc Type = OTHER

did not appear they had to be trained to care; it appeared they simply did care, naturally. They never did anything which was designed or prone to inflict embarrassment or shame or humiliation upon the disabled guest and their companions.

21.     On or about October 2013, Disney revoked the guest assistance card program and its related systems and policies and procedures for accommodating Plaintiffs' special needs. Disney replaced the guest assistance card program with a set of companywide systems, policies and procedures which were connected to the new "disability access service" ("DAS" card).

22.     When Disney unleashed the DAS system on its unsuspecting disabled fans, Disney publicly announced that only the highest-functioning persons would be accommodated by the DAS system and that others would be accommodated based upon their individual special needs. In fact, when concerned parents who had already purchased airfare, tickets, made hotel reservations, and/or purchased annual or seasonal passes, called ahead to ask about the DAS, they were invariably assured that upon arrival at the Parks, Disney would make necessary arrangements to ensure that their children were individually accommodated. Disney knew, as admitted by Mark Jones, Disney's Manager of Domestic Services for Guests with Disabilities, that other autistic persons and other persons with cognitive impairments would require individualized attention in order to accommodate their special needs. But Disney expressly trained its Guest Relations employees not to acknowledge any individual special needs and not to provide any individualized accommodations. As the DAS card provides on its cover, no matter what the special need, the "accommodation" is the same.

23.     Disney knows the DAS makes the wait time of disabled persons even *longer* than the notorious wait times which non-disabled persons are already required to endure in the Parks. When the wait time associated with reporting to Guest Relations to complete the stigmatizing

COMPLAINT FOR DAMAGES - 10

LAW OFFICES OF SCOTT E. SCHUTZMAN
3700 S. SUSAN STREET
SUITE 120
SANTA ANA, CA 92704
TELEPHONE
(714) 543-3638

procedure of having a photograph taken, a procedure not required of non-disabled persons, is added to the assigned and designated wait time for any particular ride, the disabled person's wait is, by definition, _longer_ than the non-disabled person's wait time. If a disabled person waits one hour at Guest Relations to obtain the DAS card, then complies with the DAS and rides one ride which has a one-hour wait time, the disabled person's wait time is two hours, while the non-disabled person's wait time is only one hour. If the disabled person rides five rides, each with a one-hour wait time, the disabled person's wait time is 12 minutes longer per ride than the non-disabled person's wait time.

## FIRST CAUSE OF ACTION

## BREACH OF CONTRACT IN VIOLATION OF THE UNRUH ACT CIVIL CODE § 5152 ET SEQ.

### Against WALT DISNEY PARKS AND RESORTS US, CO. INC., and DOES 1-20, inclusive

24. Plaintiffs and each of them hereby incorporate and re-allege the allegations at paragraphs 1-23 as though set forth in full herein.

25. Plaintiff Johnny Galvan has a diagnosed anxiety disorder. Additionally Plaintiff Johnny Galvan has a back disability. Plaintiff Sandy Mumma along with her husband purchased a season pass for the year 2015 to attend the rides along with her husband. Plaintiff Johnny Galvan, because of his disability and diagnosed anxiety disorder is incapable of waiting or biding time without cognitive and visible goal impairments occurring. In January, April, and May 2015, Plaintiffs Johnny Galvan and Sandy Mumma attended the Walt Disney Park in Anaheim. As a result of Disney's policy of not allowing these Plaintiffs to get a pass to go through the entrance line of the ride at the exit, coupled with Plaintiff Johnny Galvan's inability to wait on line, these Plaintiffs were forced to leave the park. Both Plaintiffs were also turned away from rides. When

LAW
OFFICES
OF
SCOTT E.
SCHUTZMAN
3700 S. SUSAN STREET
SUITE 120
SANTA ANA, CA 92704
TELEPHONE
(714) 543-3638

they arrived to get a pass to go through the exit, they were told that "this was no longer the policy at Disney."

26.     Plaintiff Stavros Patsalos last visited Walt Disney Park on March 26, 2015. Plaintiff Stavros Patsalos's prior experience with the Park was to use his disability card with a picture which allowed Mr. Patsalos to get an appointment at a special time for each ride.

27.     Plaintiff Stavros Patsalos suffers from the disability of cerebral palsy.  Additionally Mr. Patsalos had knee surgery before his last visit to the park and therefore was incapable of waiting in line for an extended period of time.  As a result of the visit on March 26, 2015, Mr. Patsalos was not given a pass at the front of the line and/or an appointment to get on a ride, and left the park.

28.     Plaintiffs and each of them suffered special damages including the cost of the season pass/cost of admission to attend Walt Disney Park in 2015.

29.     Plaintiffs and each of them suffered general damages as a result of the actions of the Defendants.

## SECOND CAUSE OF ACTION

## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

### Against WALT DISNEY PARKS AND RESORTS US, CO. INC., and DOES 1-20, inclusive

30.     Plaintiffs and each of them hereby incorporate and re-allege the allegations at paragraphs 1-29 as though set forth in full herein.

LAW
OFFICES
OF
SCOTT E.
SCHUTZMAN
3700 S. SUSAN STREET
SUITE 120
SANTA ANA, CA 92704
TELEPHONE
(714) 543-3638

COMPLAINT FOR DAMAGES - 12

31. During one or more visits to the Park, Plaintiff Johnny Galvan suffered severe emotional distress due to the exacerbation by Disney of his anxiety disorder. Plaintiff Sandy Mumma suffered severe emotional distress due to the actions of Disney on one or more visits to the Park. Plaintiff Stavros Patsalos suffered severe emotional distress due to the actions of Disney as set forth above.

32. The actions of Disney to all the Plaintiffs included negligent, unlawful, reckless, and arbitrary treatment of the Plaintiffs during their patronage of the Disney facilities. At all material times, Disney knew that all the Plaintiffs would be vulnerable to emotional injury when treated in such a manner by anyone. As a legal result of the negligent infliction of emotional distress by Disney on the Plaintiffs, Plaintiffs suffered special damages as a result of Disney's actions.

33. As a legal result of the actions by Disney to the Plaintiffs, Plaintiffs suffered general damages according to proof at time of trial.

## THIRD CAUSE OF ACTION

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

### Against WALT DISNEY PARKS AND RESORTS US, CO. INC., and DOES 1-20, inclusive

34. Plaintiffs and each of them hereby incorporate and re-allege the allegations at paragraphs 1-33 as though set forth in full herein.

35. During one or more visits to the Park, Plaintiff Johnny Galvan suffered severe emotional distress due to the exacerbation by Disney of his anxiety disorder. Plaintiff Sandy Galvan Mumma suffered severe emotional distress due to the actions of Disney on one or more visits to the Park. Plaintiff Stavros Patsalos suffered severe emotional distress due to the actions

LAW OFFICES OF SCOTT E. SCHUTZMAN
3700 S. SUSAN STREET
SUITE 120
SANTA ANA, CA 92704
TELEPHONE
(714) 543-3638

COMPLAINT FOR DAMAGES - 13

of Disney as set forth above.

36.     The actions of Disney to all the Plaintiffs included intentional, unlawful, reckless, and arbitrary treatment of the Plaintiffs during their patronage of the Disney facilities.  At all material times, Disney knew that all the Plaintiffs would be vulnerable to emotional injury when treated in such a manner by anyone.  As a legal result of the negligent infliction of emotional distress by Disney on the Plaintiffs, Plaintiffs suffered special damages as a result of Disney's actions.

37.     As a legal result of the actions by Disney to the Plaintiffs, Plaintiffs suffered general damages according to proof at time of trial.

38.     Plaintiffs' severe emotional distress was proximately caused by Disney's outrageous, unlawful, and reckless treatment of the Plaintiffs during their patronage of the Disney facilities.  At all material times, Disney knew the Plaintiffs to be vulnerable to emotional injury when treated by such a manner by anyone.

39.     The acts of Defendant Disney were intentional, and committed with malice, oppression, or fraud, thereby causing punitive damages according to proof at time of trial.


## **PRAYER**

WHEREFORE, Plaintiffs pray for judgment against Defendants and each of them as follows:

ON THE FIRST CAUSE OF ACTION:

(1)     For special damages in an amount according to proof;

(2)     For general damages in an amount according to proof;

LAW
OFFICES
OF
SCOTT E.
SCHUTZMAN
3700 S. SUSAN STREET
SUITE 120
SANTA ANA, CA 92704
TELEPHONE
(714) 543-3638

**COMPLAINT FOR DAMAGES - 14**

(3)   For reasonable litigation fees according to proof;

(4)   For reasonable costs of suit; and

(5)   For such other and further relief as the Court deems just and proper.

ON THE SECOND CAUSE OF ACTION:

(1)   For special damages in an amount according to proof;

(2)   For general damages in an amount according to proof;

(3)   For reasonable costs of suit; and

(4)   For such other and further relief as the Court deems just and proper.

ON THE THIRD CAUSE OF ACTION:

(1)   For special damages in an amount according to proof;

(2)   For general damages in an amount according to proof;

(3)   For punitive damages in an amount according to proof;

(4)   For reasonable costs of suit; and

(5)   For such other and further relief as the Court deems just and proper.


Date:   November 28, 2016                LAW OFFICES OF SCOTT E. SCHUTZMAN


                                         By:   _____
                                               Scott E. Schutzman
                                               Attorney for Plaintiffs

LAW
OFFICES
OF
SCOTT E.
SCHUTZMAN
3700 S. SUSAN STREET
SUITE 120
SANTA ANA, CA 92704
TELEPHONE
(714) 543-3638

COMPLAINT FOR DAMAGES - 15

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial by jury on all claims.

Date:   November 28, 2016

LAW OFFICES OF SCOTT E. SCHUTZMAN

By:

Scott E. Schutzman
Attorney for Plaintiffs

**COMPLAINT FOR DAMAGES - 16**

LAW
OFFICES
OF
SCOTT E.
SCHUTZMAN
3700 S. SUSAN STREET
SUITE 120
SANTA ANA, CA 92704
TELEPHONE
(714) 543-3638

**CM-010**

| | | |
|---|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>Scott E. Schutzman, Esq.                    140962<br>LAW OFFICES OF SCOTT E. SCHUTZMAN<br>3700 S. Susan Street, Suite 120, Santa Ana, California 92704 | ORIGINAL | FOR COURT USE ONLY |

TELEPHONE NO.: 714-543-3638     FAX NO.: 714-245-2449
ATTORNEY FOR *(Name):* Johnny Galvan, Sandy Mumma, and Stavros Patsalos

SUPERIOR COURT OF CALIFORNIA, COUNTY OF   LOS ANGELES
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles CA 90012
BRANCH NAME: Central District - Stanley Mosk Courthouse

**FILED**
Superior Court of California
County of Los Angeles

DEC '0 6 2016

Sherri R. Carter, Executive Officer/Clerk
By _____, Deputy
Judi Lara

CASE NAME:
Galvan, Mumma, Patsalos v. Walt Disney Parks and Resorts, et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | CASE NUMBER: BC 6 42 9 0 1 |
|---|---|---|---|
| ☑ Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | ☐ Limited<br>(Amount<br>demanded is<br>$25,000 or less) | ☐ Counter   ☐ Joinder<br>Filed with first appearance by defendant<br>*(Cal. Rules of Court, rule 3.402)* | JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☑ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)
**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)
**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)
**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)
**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation**
**(Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
☐ Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☐ is ☑ is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☑ monetary   b. ☐ nonmonetary; declaratory or injunctive relief   c. ☑ punitive
4. Number of causes of action *(specify):*   Three (3)
5. This case ☐ is ☑ is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: November 28, 2016
Scott E. Schutzman
_____
(TYPE OR PRINT NAME)                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**CM-010**

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition



CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Page 2 of 2



ORIGINAL

| SHORT TITLE: Galvan, et al. v. Walt Disney Parks and Resorts, et al. | CASE NUMBER: BC 6 4 2 0 0 1 |

## CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

| This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court. |

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

| Applicable Reasons for Choosing Court Filing Location (Column C) |

1. Class actions must be filed in the Stanley Mosk Courthouse, Central District.
2. Permissive filing in central district.
3. Location where cause of action arose.
4. Mandatory personal injury filing in North District.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.

7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.
11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection, or personal injury).

| | **A** Civil Case Cover Sheet Category No. | **B** Type of Action (Check only one) | **C** Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100 Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| | Uninsured Motorist (46) | ☐ A7110 Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1, 4, 11 |
| **Other Personal Injury/Property Damage/Wrongful Death Tort** | Asbestos (04) | ☐ A6070 Asbestos Property Damage | 1, 11 |
| | | ☐ A7221 Asbestos - Personal Injury/Wrongful Death | 1, 11 |
| | Product Liability (24) | ☐ A7260 Product Liability (not asbestos or toxic/environmental) | 1, 4, 11 |
| | Medical Malpractice (45) | ☐ A7210 Medical Malpractice - Physicians & Surgeons | 1, 4, 11 |
| | | ☐ A7240 Other Professional Health Care Malpractice | 1, 4, 11 |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250 Premises Liability (e.g., slip and fall) | 1, 4, 11 |
| | | ☐ A7230 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1, 4, 11 |
| | | ☐ A7270 Intentional Infliction of Emotional Distress | 1, 4, 11 |
| | | ☐ A7220 Other Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |

LACIV 109 (Rev 2/16)
LASC Approved 03-04

## CIVIL CASE COVER SHEET ADDENDUM
## AND STATEMENT OF LOCATION



ORIGINAL
Page 1 of 4

| SHORT TITLE: Galvan, et al. v. Walt Disney Parks and Resorts, et al. | CASE NUMBER |
|---|---|

| **A** Civil Case Cover Sheet Category No. | **B** Type of Action (Check only one) | **C** Applicable Reasons - See Step 3 Above |
|---|---|---|
| Business Tort (07) | ☐ A6029 Other Commercial/Business Tort (not fraud/breach of contract) | 1, 2, 3 |
| Civil Rights (08) | ☑ A6005 Civil Rights/Discrimination | 1, 2, 3 |
| Defamation (13) | ☐ A6010 Defamation (slander/libel) | 1, 2, 3 |
| Fraud (16) | ☐ A6013 Fraud (no contract) | 1, 2, 3 |
| Professional Negligence (25) | ☐ A6017 Legal Malpractice | 1, 2, 3 |
| | ☐ A6050 Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| Other (35) | ☐ A6025 Other Non-Personal Injury/Property Damage tort | 1, 2, 3 |
| Wrongful Termination (36) | ☐ A6037 Wrongful Termination | 1, 2, 3 |
| Other Employment (15) | ☐ A6024 Other Employment Complaint Case | 1, 2, 3 |
| | ☐ A6109 Labor Commissioner Appeals | 10 |
| Breach of Contract/ Warranty (06) (not insurance) | ☐ A6004 Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | ☐ A6008 Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | ☐ A6019 Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | ☐ A6028 Other Breach of Contract/Warranty (not fraud or negligence) | 1, 2, 5 |
| Collections (09) | ☐ A6002 Collections Case-Seller Plaintiff | 5, 6, 11 |
| | ☐ A6012 Other Promissory Note/Collections Case | 5, 11 |
| | ☐ A6034 Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5, 6, 11 |
| Insurance Coverage (18) | ☐ A6015 Insurance Coverage (not complex) | 1, 2, 5, 8 |
| Other Contract (37) | ☐ A6009 Contractual Fraud | 1, 2, 3, 5 |
| | ☐ A6031 Tortious Interference | 1, 2, 3, 5 |
| | ☐ A6027 Other Contract Dispute(not breach/insurance/fraud/negligence) | 1, 2, 3, 8, 9 |
| Eminent Domain/Inverse Condemnation (14) | ☐ A7300 Eminent Domain/Condemnation        Number of parcels_____ | 2, 6 |
| Wrongful Eviction (33) | ☐ A6023 Wrongful Eviction Case | 2, 6 |
| Other Real Property (26) | ☐ A6018 Mortgage Foreclosure | 2, 6 |
| | ☐ A6032 Quiet Title | 2, 6 |
| | ☐ A6060 Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| Unlawful Detainer-Commercial (31) | ☐ A6021 Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 6, 11 |
| Unlawful Detainer-Residential (32) | ☐ A6020 Unlawful Detainer-Residential (not drugs or wrongful eviction) | 6, 11 |
| Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2, 6, 11 |
| Unlawful Detainer-Drugs (38) | ☐ A6022 Unlawful Detainer-Drugs | 2, 6, 11 |

Row categories (left margin): Non-Personal Injury/Property Damage/Wrongful Death Tort · Employment · Contract · Real Property · Unlawful Detainer

LACIV 109 (Rev 2/16)          **CIVIL CASE COVER SHEET ADDENDUM**          Local Rule 2.3
LASC Approved 03-04          **AND STATEMENT OF LOCATION**          Page 2 of 4

Doc# 1 Page# 20 - Doc ID = 1672772866 - Doc Type = OTHER

| SHORT TITLE: Galvan, et al. v. Walt Disney Parks and Resorts, et al. | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐  A6108  Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐  A6115  Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐  A6151  Writ - Administrative Mandamus | 2, 8 |
| | | ☐  A6152  Writ - Mandamus on Limited Court Case Matter | 2 |
| | | ☐  A6153  Writ - Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐  A6150  Other Writ /Judicial Review | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐  A6003  Antitrust/Trade Regulation | 1, 2, 8 |
| | Construction Defect (10) | ☐  A6007  Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐  A6006  Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐  A6035  Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort<br>Environmental (30) | ☐  A6036  Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims<br>from Complex Case (41) | ☐  A6014  Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement<br>of Judgment (20) | ☐  A6141  Sister State Judgment | 2, 5, 11 |
| | | ☐  A6160  Abstract of Judgment | 2, 6 |
| | | ☐  A6107  Confession of Judgment (non-domestic relations) | 2, 9 |
| | | ☐  A6140  Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐  A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2, 8 |
| | | ☐  A6112  Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐  A6033  Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints<br>(Not Specified Above) (42) | ☐  A6030  Declaratory Relief Only | 1, 2, 8 |
| | | ☐  A6040  Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐  A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1, 2, 8 |
| | | ☐  A6000  Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation<br>Governance (21) | ☐  A6113  Partnership and Corporate Governance Case | 2, 8 |
| | Other Petitions (Not<br>Specified Above) (43) | ☐  A6121  Civil Harassment | 2, 3, 9 |
| | | ☐  A6123  Workplace Harassment | 2, 3, 9 |
| | | ☐  A6124  Elder/Dependent Adult Abuse Case | 2, 3, 9 |
| | | ☐  A6190  Election Contest | 2 |
| | | ☐  A6110  Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐  A6170  Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐  A6100  Other Civil Petition | 2, 9 |

LACIV 109 (Rev 2/16)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM<br>AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 3 of 4

| SHORT TITLE: Galvan, et al. v. Walt Disney Parks and Resorts, et al. | CASE NUMBER |
|---|---|

**Step 4: Statement of Reason and Address**: Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address which is the basis for the filing location, including zip code. (No address required for class action cases).

| REASON: □ 1. ☑ 2. □ 3. □ 4. □ 5. □ 6. □ 7. □ 8. □ 9. □ 10. □ 11. | ADDRESS: 500 S Buena Vista Street |
|---|---|
| CITY: Burbank | STATE: CA    ZIP CODE: 91521 |

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the ___Central___ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., §392 et seq., and Local Rule 2.3(a)(1)(E)].

Dated: 11/28/16

(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 02/16).

5. Payment in full of the filing fee, unless there is court order for waiver, partial or scheduled payments.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LACIV 109 (Rev 2/16)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 4 of 4

Doc# 1 Page# 22 - Doc ID = 1672772866 - Doc Type = OTHER