UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHNNY GALVAN, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>WALT DISNEY PARKS AND RESORTS U.S., INC., et al.,<br><br>Defendants. | Case No. 8:18-cv-01721-AB (FFMx)<br><br>**ORDER DENYING PLAINTIFFS' MOTION TO REMAND AND DENYING DEFENDANTS' MOTION TO TRANSFER** |

On October 19, 2018 Plaintiffs Johnny Galvan, Sandy Mumma, and Stavros Patsalos's (collectively, "Plaintiffs") filed a Motion to Remand. Dkt. No. 11. Defendants Walt Disney Parks and Resorts U.S., Inc. et al., ("Defendants" or "Disney") opposed the motion and Plaintiffs filed a reply. Dkt. Nos. 18, 22.

On November 2, 2018 Defendants filed a Motion to Transfer to the Court's Southern Division. Plaintiffs opposed Defendants' Motion and Defendants filed a reply. Dkt. Nos. 19, 20. The Court heard oral argument on January 11, 2019. For the following reasons, the Court **DENIES** Plaintiffs' Motion to Remand and **DENIES** Defendants' Motion to Transfer to the Southern Division.

/ / /

/ / /

1.

I. BACKGROUND

   A. The Parties

Plaintiffs are all residents of California. Complaint, p. 1 (Dkt. No. 1-1). Plaintiffs Johnny Galvan and Stavros Patsalos each have a developmental disorder and a clinically diagnosed cognitive impairment. Compl. ¶14. Plaintiff Johnny Galvan has a diagnosed anxiety disorder as well as a back disability. *Id.* ¶25. Plaintiff Stavros Patsalos suffers from cerebral palsy and underwent knee surgery prior to his March 26, 2015 visit to Walt Disney Park in Anaheim, California. *Id.* ¶26-27. As a result of their cognitive impairments Plaintiffs may suffer from heightened anxiety or a meltdown. Compl. ¶16. A meltdown may manifest itself as an involuntary tic, humming sounds, jarring movements, or flailing wildly. *Id.* Such meltdowns make it difficult, if not impossible, for Disabled Plaintiffs to queue for most amusement park attractions. *Id.*

Plaintiff Sandy Mumma is married to Plaintiff Galvan and attended the park with her husband with the intent of accompanying him on rides. *Id.* ¶25.

Disney is a Florida corporation with its principal place of business in Florida. Notice of Removal, ¶12 (Dkt. No. 1). Disney owns and operates the Disneyland Resort in Anaheim, California. Wilson Decl. ¶5.

   A. Plaintiffs' Allegations

Plaintiffs allege that, as a result of Disney's replacement of its Guest Assistance Card ("GAC") program with the new Disability Access Service ("DAS") program, Disney has denied Plaintiffs adequate accommodations. Plaintiffs allege that under the GAC program, Disney adopted policies and procedures that properly accommodated Plaintiffs' special needs. Plaintiffs contend that the GAC program allowed Plaintiffs to enjoy their Disneyland experience by providing them with "minimal, manageable waits at the various attractions of interest". Compl. ¶19. Conversely, when Disney shifted to its DAS program the park ceased to make necessary arrangements to accommodate each individual's specific needs. *Id.* ¶20-21.

Additionally, Plaintiffs assert that the DAS program extends the wait times of disabled persons—making them longer than the wait times of non-disabled park visitors—by requiring disabled visitors to take photographs at Guest Relations prior to enjoying park rides. *Id.* ¶23.

Plaintiffs assert claims for: (1) breach of contract in violation of the Unruh Civil Right Act, California Civil Code §§ 51 and 52; (2) negligent infliction of emotional distress; and (3) intentional infliction of emotional distress. *Id.* ¶¶ 25-39.

### B. Removal to This Court

On September 21, 2018, Defendants removed the case to this Court from the Superior Court of California for the County of Orange. *See* Notice of Removal. Defendants assert that the Court has diversity jurisdiction over the case because the parties have complete diversity and the amount in controversy exceeds $75,000. *Id.*

### C. Disney's Motion to Transfer

On November 2, 2018, Defendants moved to transfer this case to the Court's Southern Division, asserting that the case had substantial contacts with the Southern Division and only minimal contacts with the Western Division. Mot. to Transfer.

## II. LEGAL STANDARD

### A. Removal

Federal courts are courts of limited jurisdiction and possess only that jurisdiction as authorized by the Constitution and federal statute. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Under 28 U.S.C. § 1441(a), a party may remove a civil action brought in a State court to a district court only if the plaintiff could have originally filed the action in federal court. Thus, removal is only proper if the district court has original jurisdiction over the issues alleged in the state court complaint. There is a strong presumption that the Court is without jurisdiction until affirmatively proven otherwise. *See Fifty Assocs. v. Prudential Ins. Co. of America*, 446 F.2d 1187, 1190 (9th Cir. 1970). When an action is removed from state court, the removing party bears the burden of demonstrating that removal is proper.

*Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

Under the diversity statute, 28 U.S.C. § 1332, a federal district court has original jurisdiction when the parties are completely diverse and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332. Pursuant to 28 U.S.C. § 1441, a defendant may remove an action from state court to federal court if the diversity and amount in controversy requirements are satisfied and if none of the defendants are citizens of the forum state.

The amount in controversy, for purposes of diversity jurisdiction, is the total "amount at stake in the underlying litigation." *Theis Research, Inc. v. Brown & Bain*, 400 F.3d 659, 662 (9th Cir. 2005). "[I]n assessing the amount in controversy, a court must 'assume that the allegations of the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint.'" *Campbell v. Vitran Exp., Inc.*, 471 Fed. App'x 646, 648 (9th Cir. 2012) (quoting *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002)).

There is a strong presumption against removal jurisdiction. This presumption "means that the defendant always has the burden of establishing that removal is proper." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). A defendant's notice of removal need only include a plausible allegation that the amount in controversy exceeds the jurisdictional threshold; however, where, as here plaintiff contests the amount in controversy, "[e]vidence establishing the amount is required". *Ibarra v. Manheim Invs., Inc.,* 775 F.3d 1193, 1197 (9th Cir. 2015) (internal quotation marks omitted).

"[W]here it is unclear or ambiguous from the face of a state-court complaint whether the requisite amount in controversy is pled", the removing defendant bears the burden of establishing by a preponderance of the evidence that the amount in controversy requirement is met. *Guglielmino v. McKee Foods Corp.*, 505 F.3d 696, 699 (9th Cir. 2007). "Under this burden, the defendant must provide evidence that it

is more likely than not' that the amount in controversy exceeds that amount. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996).

### III. DISCUSSION

#### A. The Court Has Subject Matter Jurisdiction

The parties do not dispute that complete diversity exists between Plaintiff and Defendants. Subject matter jurisdiction therefore depends on whether the amount in controversy exceeds $75,000. Plaintiff also argues that Defendants failed to timely remove this matter to this Court. Each issue will be addressed in turn.

##### 1. Amount in Controversy

Plaintiffs argue that the Court should rely on the four corners of the Complaint to determine whether the amount in controversy requirement has been met. In its March 17, 2017 remand of this case, the Court agreed with Plaintiffs, noting that Disney had not established by a preponderance of the evidence that the amount in controversy in this case exceeds $75,000. Circumstances have changed slightly since Defendant's initial attempt at removal. Defendants have now received evidence through discovery suggesting that Plaintiffs seek "[p]unitive damages to be determined, but no less than $100,000," and "Emotional distress damages of $50,000." Notice Of Removal at 6-7. Such evidence falls under the category of "other paper" pursuant to 28 U.S.C. § 1446(b)(3).

Plaintiff, through its interrogatories has put $150,000 at issue in this dispute. Thus, the amount in controversy requirement has been met.

##### 2. Timeliness of Removal

Plaintiff also argues that Defendants failed to timely remove this case pursuant to the 30-day requirement in 28 U.S.C. § 1446. As mentioned above, Defendants learned new information concerning the amount at stake in this dispute upon Plaintiffs' response to Defendant's discovery requests. Upon receipt of Plaintiffs' supplemental responses to Disney's First Set of Special Interrogatories informed

5.

Defendants that the amount at issue was $150,000, the case became removable and the 30-day clock started. Defendants received Plaintiffs' supplemental responses on August 24, 2018 and filed its Notice of Removal on September 21, 2018 based upon the information received in the supplemental responses. Accordingly, Defendants' removal was timely.

Plaintiff Galvan and Mumma's claims "form part of the same case or controversy" as Plaintiff Patsalos's claims; thus, the Court exercises its supplemental jurisdiction over their related claims. *See, e.g.*, *Exxon Mobil Corp. v. Allapattah Servs. Inc.*, 545 U.S. 546, 566-67 (2005).

### B. Transfer Under 28 U.S.C. § 1404(a) is Improper

Where a case has been filed in a proper venue, the court may nevertheless transfer the case: "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought . . . ." 28 U.S.C. § 1404(a). The following factors are relevant to the interests of justice element: (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof. *Stewart Org. v. Ricoh Corp.*, 487 U.S. 22, 29-30 (1988). Each potential forum's relative interest in the case is also relevant. See *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498–99 (9th Cir.2000).

"[T]here is ordinarily a strong presumption in favor of the plaintiff's choice of forum, which may be overcome only when the . . . factors clearly point towards trial in the alternative forum." *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 255-56 (1981) . If a plaintiff has chosen its home forum, the presumption against transfer is especially strong. Id. at 256.

Here, Plaintiffs all reside in Los Angeles, California, which is in the Central District of California. Plaintiff therefore filed this action in its home forum; absent a strong showing of the relevant factors by Defendants, Plaintiffs' choice is entitled deference. Defendants' showing falls short. Defendants contend that none of the operative facts for this case occurred in Los Angeles County. While the changes in Disney's policy took place in Anaheim, California, this fact alone does not support transfer.

The convenience of witnesses does not support transfer. Defendants note that one witness now resides in Orlando, Florida, and accordingly would be deposed there. Shutzman Decl. ¶2. However, this single deposition does not seem such an overwhelming convenience such to require transfer of a dispute already in a proper forum.

Finally, Defendants reliance on *Mckinley v. Southwest Airlines Co.*, 2015 WL 12711647 is inapposite. In that case, the Court determined that both parties had more contacts with the Western Division than with the Southern Division. Specifically, Plaintiff worked and resided in the Western Division and more putative class members worked in the Western Division than in the Southern Division. While there are contacts with the Southern Division, given Disneyland's the policy change occurred in Anaheim, none of Defendant's factors overcome the strong presumption in favor of Plaintiff's preference of forum.

///
///
///
///
///
///
///

## IV. CONCLUSION

For the foregoing reasons, the Court **DENIES** Plaintiffs' Motion to Remand and **DENIES** Defendant's Motion to Transfer.

**IT IS SO ORDERED.**

Dated: January 14, 2019

_____
HONORABLE ANDRÉ BIROTTE JR.
UNITED STATES DISTRICT COURT JUDGE