Scott E. Schutzman, Esq.   SBN 140962
LAW OFFICES OF SCOTT E. SCHUTZMAN
2124 Main Street, Suite 130
Huntington Beach, California 92648
Tel:   714-374-0099
Fax:   714-374-0104
Email:   schutzy@msn.com

Attorneys for Plaintiffs, Johnny Galvan,
Sandy Mumma, and Stavros Patsalos

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| Johnny Galvan, Sandy Mumma, and Stavros Patsalos,<br><br>Plaintiffs,<br><br>v.<br><br>WALT DISNEY PARKS AND RESORTS US, CO. INC.,<br><br>Defendants. | Case No. **8:18-cv-01721-AB (FFMx)**<br>Hon. Andre Birotte, Jr.<br><br>**PLAINTIFFS' OPPOSITION TO DISNEY'S EX PARTE APPLICATION TO STRIKE GALVAN AND MUMMA'S DECLARATIONS AND GALVAN'S DEPOSITION ERRATA SHEET**<br><br>Date:   November 22, 2019<br>Time:   10:00 a.m.<br>Courtroom:   7B |
|---|---|

Plaintiffs Johnny Galvan and Sandy Mumma hereby oppose Defendant Disney's ex parte application to strike the declarations of Johnny Galvan and Sandy Mumma, and Johnny Galvan's deposition errata sheet.

---

1

**8:18-cv-01721-AB (FFMx)**           **PLAINTIFFS' OPPOSITION TO DISNEY'S EX PARTE APPLICATION TO STRIKE GALVAN AND MUMMA'S DECLARATIONS AND GALVAN'S DEPOSITION ERRATA SHEET**

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. Introduction.

By way of this motion, Defendant Walt Disney Parks and Resorts US Co., Inc., hereinafter "Disney," expects the Plaintiffs, one of which has less than a twelfth grade education and a second who has no legal education, to not only allege each and every fact and piece of law in the complaint that applies to the case, but also to recite at their deposition in response to Disney's questions each piece of law and fact as it applies to the law. At the deposition Disney asked questions about contract, i.e., whether there was one, when it was Disney who was in possession of the evidence that Plaintiffs had yearly passes during the relevant time periods of the case, and in its motion for summary judgment showed the evidence of the dates when the Plaintiffs attended Disneyland and California Adventure.

Disney also forgets that in the Ninth Circuit, the complaint need only provide notice of the claim and the law which applies to the claim. See *Robles v. Domino's Pizza*, 913 F.3d 898 (2019) reversing a motion to dismiss on the grounds that the defendant claimed it did not have fair notice about what the case was about.

The general rule in the Ninth Circuit is that the party cannot create an issue of fact by an affidavit contradicting his prior deposition testimony. *Yeager v.*

2

8:18-cv-01721-AB (FFMx)                              **PLAINTIFFS' OPPOSITION TO DISNEY'S EX PARTE APPLICATION TO STRIKE GALVAN AND MUMMA'S DECLARATIONS AND GALVAN'S DEPOSITION ERRATA SHEET**

*Bowlin*, 693 F.3d 1076, 1080 (Ninth Cir. 2012). However, the non-moving party is not precluded from elaborating upon, explaining, or clarifying prior testimony elicited by opposing counsel on deposition and/or minor inconsistencies that result from an honest discrepancy, a mistake, or newly discovered evidence which supports no basis for excluding an opposition affidavit. *Yeager*, 693 F.3d at 1081; cited in *Robles v. Agreserves, Inc.*, 158 F.Supp.3d 952 (E.D. Cal. 2016).

The fact that the declarations go to issues of mistake or newly discovered evidence should militate in favor of this motion being denied.

## II. The Declarations of Galvan and Mumma Do Not Contradict Their Deposition Testimony.

Johnny Galvan's Declaration does not contradict his deposition testimony. Galvan is not in possession of his medical records which were subpoenaed by Disney. Those medical records show that Galvan became aware after the case was filed that he was diagnosed with panic disorder in addition to anxiety disorder. The declaration simply explains and is consistent with Galvan's medical records. Disney may not like it but it is a fact. See Galvan's medical records at Exhibit "A" to the Schutzman Declaration in support of Plaintiffs' opposition to the motion for summary judgment, 3P-GAL-000033; 3P-GAL-000038. See Mumma's medical records at Exhibit "B" to the Schutzman Declaration in support of Plaintiffs' opposition to the motion for summary judgment, 3P-MUM-001308; 3P-MUM-001310; 3P-MUM-001312; 3P-MUM-

001317. Disney asked Galvan at his deposition whether he had a contract. It is clear from Exhibit "C" of the Schutzman Declaration submitted herewith, page 226, that Mr. Schutzman objected and allowed Galvan to answer. The fact of the matter is Disney knew Galvan had a contract because Disney was provided with Galvan's annual pass and Disney searched its records and found that Galvan attended the park several times. Disney therefore did not have good faith belief in the question it asked whether Galvan had a contract with Disney. Disney was in possession of the contract. Questions asked in bad faith may be objected to on the grounds of relevancy. See *Amco Eng'r Co. v. Bud Radio Inc., 38 FRD 51, 53 (N.D. Ohio 1965)*. Plaintiffs' counsel objected to the question and let Galvan answer. The fact that Galvan who has not even completed 12th grade did not understand the legal ins and outs of his claim should not disqualify his declaration. Disney should be admonished for asking bad faith questions of the Plaintiff at deposition.

The fact that Galvan drives a truck and sits in a comfortable seat in traffic has nothing whatever to do with the fact that he cannot wait standing in line. The fact that Galvan may wait in other aspects of his life is nothing more than an argument. Galvan has testified that both at his deposition and in his declaration that he "melted down" in line at Disney. Disney tried this argument in *AL by and through DL v. Walt Disney Parks and Resorts US Inc., 900 F.3d 1270, 1298*. The

4

8:18-cv-01721-AB (FFMx)     PLAINTIFFS' OPPOSITION TO DISNEY'S EX PARTE APPLICATION TO STRIKE GALVAN AND MUMMA'S DECLARATIONS AND GALVAN'S DEPOSITION ERRATA SHEET

court concluded that issues of fact existed about whether a plaintiff could prove a reasonable accommodation was necessary. Here, Disney is raising triable issues of facts better left to the jury. Additionally, Disney points out in a footnote Plaintiff's objections of argumentative and relevance in its Separate Statement filed with its summary judgment motion. Based on *Amco Eng'r Co. v. Bud Radio Inc., 38 FRD 51, 53 (N.D. Ohio 1965),* objecting on the grounds of argumentative, relevance, or legal conclusion was the proper thing to do.

Galvan and Mumma claimed in their complaint as well as in their interrogatories that there were 3 visits to Disneyland. At their depositions, Galvan testified that he was not accommodated during 3 visits in 2015, and Mumma testified that they were not accommodated at one visit in 2014 and 2 visits in 2015. The fact that both Galvan and Mumma could point to certain visits when they were not accommodated and disagree to the dates is not a reason for their testimony to be stricken.

Galvan also provided Disney with a placard for his automobile. This was produced at the deposition of Mumma and was made an exhibit to Mumma's deposition. See Schutzman Declaration at Exhibit "B."

Galvan's changes were provided by Galvan to his attorney within 30 days of when he received the transcript of the deposition. When Mr. Schutzman sent the transcript to Galvan by email, Galvan could not open the attached transcript.

See Schutzman Declaration, ¶ 2.  Because the court reporter did not send the deposition with the appended exhibits, it took Mr. Schutzman several days to put the deposition transcript together and mail it to Galvan.  Mr. Schutzman received the changes within 30 days of when it was sent.  However, unfortunately on the day when the opposition to the motion for summary judgment was due, the power in Mr. Schutzman's office building was down for approximately 13 hours.  Plaintiffs' counsel was barely able to get the opposition papers filed and now has transmitted the changes to the court reporter.  FRCP 30(e) is not restricted to correcting stenographical errors.  See *Unlimited Resources Inc. v. Deployed Resources LLC, 75 Fed. Rules Serv.3d 938(M.D. FLA 2010).*  A party is permitted to make changes which expanded upon but did not contradict his deposition testimony.  See *Dering v. Service Experts Alliance LLC, 69 Fed. Rules Serv. 3d 939 (M.D. GA 2007).*  Further, where both the original and the changed answers remain a part of the record, the trier of fact can determine honesty.  See *Thorn v. Sundstrand Aerospace Corp., 207 F.3d 383, 389 (7th Cir. 2000).*  In order to prevent abuse, the court may allow both versions of the transcript to be read at trial.  *Unlimited Resources Inc., v. Deployed Resources LLC, 75 Fed. Rules Serv. 3d 938 (M.D. FLA 2010).*

/ / /

/ / /

6

8:18-cv-01721-AB (FFMx)                    PLAINTIFFS' OPPOSITION TO DISNEY'S EX PARTE APPLICATION TO STRIKE GALVAN AND MUMMA'S DECLARATIONS AND GALVAN'S DEPOSITION ERRATA SHEET

## III. Conclusion.

For all the reasons stated above, Plaintiffs request the Court to deny the application of Disney to strike the Declarations of Johnny Galvan and Sandy Mumma and Johnny Galvan's deposition errata sheet.

Date: November 12, 2019    LAW OFFICES OF SCOTT E. SCHUTZMAN

                                By:    /ses/   Scott E. Schutzman
                                           Scott E. Schutzman

7

8:18-cv-01721-AB (FFMx)                              PLAINTIFFS' OPPOSITION TO DISNEY'S EX PARTE APPLICATION TO STRIKE GALVAN AND MUMMA'S DECLARATIONS AND GALVAN'S DEPOSITION ERRATA SHEET

## CERTIFICATE OF SERVICE

I certify that on November 12, 2019, I electronically filed the foregoing with the Clerk of the Court for the United States District Court, Central District of California, by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

          /s/ Charisse Estrada_____
             Charisse Estrada

8

8:18-cv-01721-AB (FFMx)  PLAINTIFFS' OPPOSITION TO DISNEY'S EX PARTE APPLICATION TO STRIKE GALVAN AND MUMMA'S DECLARATIONS AND GALVAN'S DEPOSITION ERRATA SHEET